United States District Court
Southern District of Texas
**ENTERED**
December 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-403 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND**
**RECOMMENDATION TO DISMISS ACTION**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C.

§ 1983.   Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(1996), any prisoner action brought under federal law must be dismissed if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28

U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening regardless of

whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States,*

160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th

Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint

must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations

must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v.*

*Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.     JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit (MCU) in Beeville, Texas.[1]  He is serving a life sentence for aggravated robbery with a deadly weapon, and aggravated sexual assault, both out of Dallas County, Texas.   This case involves Plaintiff filing liens on property while a TDCJ inmate and the subsequent TDCJ investigation and discipline of Plaintiff.

Plaintiff filed his original complaint on September 21, 2015, alleging, *inter alia*, that a February 25, 2015 search of his cell and seizure of certain property was done in retaliation for his filing an earlier lawsuit.   He named as Defendants, (1) William Stephens, the TDCJ-CID Director, and (2) Candace Moore, the MCU law librarian.

---

[1] Plaintiff currently has on remand from the Fifth Circuit a pending civil rights action, *Garrett v. Stephens,* Case No. 2: 13-cv-070.  In that case, Plaintiff alleged claims of unconstitutional conditions of confinement, violation of his right to privacy, and violations of the Americans with Disabilities Act, and they were dismissed as frivolous.  (*See* Case No. 2:13-cv-070, D.E., 16).  On appeal, the Fifth Circuit affirmed the dismissal of all but Plaintiff's Eighth Amendment conditions of confinement claims.  (*See* Case No. 2:13-cv-070, D.E. 29).

On October 29, 2015 a *Spears*[2] hearing was conducted.  The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

Prior to February 25, 2015, Plaintiff inherited some real property and a bank account from his grandfather.  On his own, Plaintiff acquired legal books and pamphlets regarding real property and the Uniform Commercial Code so that he could file the appropriate liens to protect his interest in his grandfather's estate.  Plaintiff admitted at the *Spears* hearing that he did in fact file liens on real property and bank accounts. Plaintiff was unable to set forth with clarity or specificity the identity of the property he encumbered or the legal basis for his actions.  A person unknown to Plaintiff apparently filed complaints about the encumbrances on the properties and the prison investigated.

On February 25, 2015, pursuant to an I-185 Notice to Search for Contraband and I-186 Authorization to Search for Contraband signed by Warden Putnam, Candace Moore searched Plaintiff's cubicle.  Ms. Moore seized Plaintiff's personal law books and his legal papers regarding his grandfather's estate, as well as religious items, family photos, financial information, and hygiene items.  (D.E. 1, p. 6).  Ms. Moore identified the property as "contraband" and that same day, Ms. Moore wrote Plaintiff a disciplinary case for possession of contraband, a Code 16 offense.  However, the investigating sergeant said there was not enough evidence to find the property to be contraband, and the disciplinary case against Plaintiff was dismissed.  Plaintiff was advised that his property would be returned to him, but it was not.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Approximately one week later, on March 3, 2015, Ms. Moore wrote Plaintiff a second disciplinary case for contraband.  It is unclear whether this disciplinary charge involved new allegations of misconduct by Plaintiff or whether Ms. Moore had learned of additional evidence.  In addition, Ms. Moore charged Plaintiff with a Code 10 offense for a violation of the state penal code.[3]  The possession of contraband charge was dismissed by the disciplinary hearing officer (DHO).  On May 7, 2015, the state felony charge was also dismissed.  Plaintiff believes the disciplinary case relating to the felony charge was dismissed because there was evidence he was not in the law library on the day information relating to the lien was sent from the law library.  His personal property was still not returned.

Later in May 2015, Ms. Moore charged Plaintiff a third time with possessing contraband and with filing a false financial statement, a state jail felony.  The contraband violation was again dismissed, but the DHO found Plaintiff guilty of the state jail felony, and ordered that he be placed in disciplinary housing for one year, as well as the loss of 90 days good time credits.  Plaintiff has filed a habeas corpus petition challenging that disciplinary hearing in Case No. 2: 15-cv-311, which is currently pending before this Court.  The disciplinary case substantiating Plaintiff violating Section 37.101 of the Texas Penal Code by fraudulently encumbering property has not been overturned or otherwise invalidated.

---

[3] Plaintiff did not specify the charge, however, a disciplinary report in Plaintiff's pending habeas action describes the offense as a violation of Section 37.101 of the Texas Penal Code which makes it an offense for a person to file a financial statement the person knows to be false, contains a false statement, or is groundless.  *See* 2:15-cv-311, D.E. 1, p. 15. The offense as charged in the disciplinary case is alleged to be a state jail felony because Plaintiff is alleged to have committed the offense with the intent to defraud or harm another.  *Id.*

Before filing this lawsuit, on March 5, 2015, Plaintiff filed in *Garrett v. Stephens,* Case No. 2:13-cv-070, D.E. 69, a "Motion to Take Judicial Notice to Amend with Retaliatory Intent 3 person Intimidation and Theft," in which he alleged that Ms. Moore and two other law library officers (Jacobway and Martinez) had come to his living quarters and searched them under acts of threats and coercion.   The pleading was construed as a motion to amend complaint to add a claim of retaliation against Ms. Moore, a non-party, and was denied, noting that Plaintiff could not have possibly exhausted his claim concerning the events of February 25, 2015 by March 5, 2015.  (*See* Case No. 2:13-cv-070, D.E. 73).

Plaintiff alleges that Ms. Moore repeatedly filed the contraband grievance against him in retaliation for his amending his lawsuit to name her as a defendant in Case No. 2:13-cv-070.   He also claims Ms. Moore and her staff have attempted to "plant" contraband on him to get him in trouble.  He claims that he has notified the TDCJ and the Office of the Inspector General about Ms. Moore's conduct, but they have failed to investigate his claims, and that is why he is suing William Stephens.  Finally, Plaintiff alleges that his confiscated property includes legal papers and religious items in violation of the First, Eighth, and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1(a).

## III.   LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).   "To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV.  DISCUSSION.

### A.  Eleventh Amendment immunity and official capacity claims.

Plaintiff does not state whether he is suing Defendants in their official or individual capacities, and therefore, it is assumed that he is suing them in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh

Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing William Stephens or Candace Moore in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.

**B.     Plaintiff's claims against William Stephens.**

Plaintiff claims that William Stephens, as Director of the TDCJ-CID, has a duty to monitor his employees conduct and to investigate prisoners' claims of wrong doing.

It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins,* 828 F.2d at 303-04; *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate

indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Plaintiff does not suggest, let alone offer any evidence to establish, that Ms. Moore is routinely planting evidence on inmates to have false disciplinary charges filed against them, or is otherwise engage in a practice or pattern of violating inmates' constitutional rights such that William Stephens should be held accountable for her actions.   The evidence shows that, although Ms. Moore filed the disciplinary case against Plaintiff three times, each time it was investigated by impartial hearing officers and twice the charges against him were set aside completely.   Mr. Stephens was neither complicit nor approved any of Ms. Moore's actions.   Moreover, to the extent William Stephens did not investigate Plaintiff's grievances against Ms. Moore, this allegation fails to state a constitutional violation.   *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (inmates have no constitutional right to have their grievances investigated, let alone resolved in their favor).   Thus, it is respectfully recommended that Plaintiff's claims against William Stephens be dismissed for failure to state a claim and/or as frivolous.

### C.   Plaintiff's claims against Ms. Moore.

#### (1)   Retaliation.

Plaintiff claims that Ms. Moore retaliated against him for seeking to amend Case No. 2:15-cv-070 to name her as a defendant, and also for filing grievances against her after she searched his cubicle and seized his personal property.   Plaintiff does not contest that a TDCJ disciplinary case brought by Ms. Moore has been substantiated against him

for filing a false financial statement.  However, Plaintiff disputes the lawfulness of the disciplinary decision and he is challenging that decision before this Court in a separate habeas action.

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights.  *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).  It is well-settled that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  However, the Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 Fed. Appx. 386, *1 (5th Cir. Jul. 12, 2010) (unpublished), citing *Wood*, 60 F.3d at 1166.  In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.  *Id*.  For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act.  *Id.* at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).

Taking as true Plaintiff's allegations, he fails to state a claim of retaliation against Ms. Moore. Plaintiff admits he encumbered property by filing liens while an inmate in the Texas Department of Criminal Justice. When questioned by the Court, Plaintiff was unable to identify the property with any specificity and was further unable to set forth the basis in law for his actions. While the reasons for the initial disciplinary cases being dismissed is unclear, it is undisputed that Plaintiff was found guilty at a TDCJ disciplinary hearing of filing false financial statements, a state jail felony, and this was the subject matter of the prior disciplinary cases. The disciplinary case conviction resulted in the loss of 90 days earned good time credits and which Plaintiff is now appealing in Case No. 2:15-cv-311.

Plaintiff's claim for relief against Ms. Moore is barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been [overturned]." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The Heck doctrine also operates to bar prisoners from challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims that were fundamentally intertwined with his request for restoration of good-time credits). Plaintiff's disciplinary case has not been overturned and his claims against Ms. Moore are directly related to this disciplinary case. Therefore, Plaintiff's claims against Ms. Moore are barred by *Heck.*

Thus, it is respectfully recommended that Plaintiff's retaliation claim against Ms. Moore be dismissed.

### (2)    Eighth Amendment.

Plaintiff claims that the deprivation of his personal property violates his Eighth Amendment rights. However, the Eighth Amendment's prohibition against cruel and unusual punishment requires only that prisoners be afforded "humane conditions of confinement" and prison officials are to ensure that inmates receive adequate food,

shelter, clothing, and medical care. *Farmer v. Brennan,* 511 U.S. 815, 834 (1994). In order to establish an Eighth Amendment violation, a prisoner must establish that the complained-of deprivation was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of 'the minimal civilized measure of life's necessities"), and second, that the prison official possessed a sufficiently culpable state of mind. *Id.,* 837-39. The mere deprivation of personal property, and in this case, financial documents, personal law books and records, does not equate with the denial of life's minimal necessities. Plaintiff fails to state an Eighth Amendment claim, and it is respectfully recommended that this claim be dismissed with prejudice.

### (3)    Fourteenth Amendment.

Plaintiff admits that the initial seizure of his property was pursuant to an authorized search and that he was afforded due process in as far as the decision was reviewed and overturned in his favor. However, he complains that his seized property was never returned to him, in violation of the Fourteenth Amendment. .

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

Because Texas law provides an adequate post-deprivation remedy, Plaintiff's loss of his personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).

A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983).  The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  Plaintiff testified that he has not filed suit in state court pursuant to § 501.007 or for conversion.  Because Plaintiff has not pursued his state court remedies he cannot allege that the post-deprivation remedy available to him is inadequate.   As such, Plaintiff's claim for property loss fails to state a cognizable constitutional claim, and it is respectfully recommended that this claim be dismissed with prejudice.

**(4)     RLUIPA.**

Plaintiff alleges that the seizure of his religious property violates RLUIPA.

With respect to its protection of institutionalized persons, the RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> > (A)  is in furtherance of a compelling governmental interest; and
> >
> > (B)   is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  The Act broadly defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  *Id.* § 2000cc-5(7)(A).   Under the RLUIPA, the plaintiff bears the burden to prove that the challenged law, regulation or practice substantially burdens his exercise of religion.   Once a plaintiff has made this *prima facie* showing, the defendant bears the burden to prove that the challenged regulation is the least restrictive means of furthering a compelling governmental interest.  *Id.,* § 2000cc-2(b).  *And see Sossamon v. Texas,* 131 S. Ct. 1651 (2011).

The RLUIPA is a prohibition against *government* regulation, law or policy.  Here, however, Plaintiff is challenging the actions of one individual, Ms. Moore, in seizing his property and failing to return it.  Plaintiff does not claim that the search of his cubicle placed a substantial burden on his religious exercise.   He is complaining about the

confiscation of his personal property, some of which just happens to be religious.  Ms. Moore was not acting pursuant to a TDCJ religious policy, and the fact that some property was of a religious nature does not turn Plaintiff's claim into a RLUIPA claim. Accordingly, Plaintiff fails to state a RLUIPA violation, and it is respectfully recommended that this claim be dismissed with prejudice.

## V.      RECOMMENDATION.

For the reasons stated herein, it is respectfully recommended that Plaintiff's claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  It is further respectfully recommended that this action count as a strike pursuant to 28 U.S.C. § 1915(g), and that a copy of this recommendation if adopted, and the corresponding be Order, by sent to Ms. Lori Stover, Three Strikes Docketing Clerk for the Fifth Circuit, 7940 Preston Road, Plano, Texas, 75024.

Respectfully submitted this 3rd day of December, 2015.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).