United States District Court
Southern District of Texas
**ENTERED**
February 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-403 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR SUPPLIES

Plaintiff is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). The undersigned has recommended to the District Judge that that Plaintiff's § 1983 claims be dismissed for failure to state a cognizable § 1983 claim and/or frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 10).

Pending are Plaintiff's motion for appointment of counsel (D.E. 17) and his motion for supplies (D.E. 18). No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, and having recommended the case be dismissed as frivolous, the Court finds that appointment of counsel is not warranted at this time.

Regarding Plaintiff's motion for supplies (D.E. 18), the undersigned finds that Plaintiff has been able to effectively communicate with the Court, file motions and objections and otherwise represent himself and present his case. The undersigned is not inclined, at this point based on these facts, to interfere with the Texas Department of Criminal Justice practices and procedures for supplying legal supplies to indigent *pro se* inmate litigants.

For the foregoing reasons, plaintiff's motion for appointed counsel (D.E. 17) and motion for supplies (D.E. 18) are **DENIED** without prejudice.

ORDERED this 9th day of February, 2016.

_____
Jason B. Libby
United States Magistrate Judge