United States District Court
Southern District of Texas
**ENTERED**
February 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-403 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND
RECOMMENDATION TO DISMISS ACTION**

Pending before the Court for initial screening is Plaintiff's civil rights action (D.E. 1). On December 3, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 10), recommending that Plaintiff's action be dismissed. Plaintiff filed both his Amended Complaint (D.E. 14) and his Objections (D.E. 15) on December 18, 2005.

First, Plaintiff objects to the M&R's analysis of the Eleventh Amendment issue because he seeks declaratory and injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908). By its terms, the M&R's recommendation of dismissal pursuant to the Eleventh Amendment applies only to the claims for monetary relief, consistent with *Ex Parte Young*. Thus the claims for declaratory or injunctive relief survived the Eleventh Amendment analysis and the objection is misplaced.

However, Plaintiff's objection based on *Ex Parte Young* appears to go beyond the Eleventh Amendment defense. All of his objections addressing his affirmative causes of action include references to his requests for declaratory and injunctive relief as if to

1

suggest that they should always be protected from dismissal pursuant to *Ex Parte Young*. That is not the holding of the case. *Ex Parte Young's* analysis applies only to the Eleventh Amendment defense.

The type of relief sought is of no consequence if Plaintiff cannot satisfy the elements of his claims, as found by the Magistrate Judge and this Court. Thus the Court does not address the declaratory and injunctive nature of his requests for relief when each of his claims fail on one or more of its essential elements. Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff objects to the M&R's analysis of the retaliation claim against Defendant Candace Moore, arguing that his assertions of the facts regarding her threats and multiple meritless disciplinary actions taken against him should be sufficient evidence to withstand a dismissal at the screening stage of this case. As the M&R points out, and Plaintiff does not dispute, if Plaintiff was convicted in a disciplinary case, he must show that the conviction was overturned before he can be entitled to relief for retaliation.

The M&R notes that Plaintiff was convicted in Disciplinary Case No. 20150274095, appealed to this Court and still pending at the time the M&R was issued. At that time, Plaintiff could not show that the conviction was overturned. While the M&R remained pending, this Court refused to grant habeas corpus relief from that disciplinary conviction in Civil Action No. 2:15-cv-311. Plaintiff therefore has not shown, and cannot show, the necessary prerequisite for bringing his claim for retaliation. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the M&R's analysis of his retaliation claim because the bar to recovery presented by his disciplinary conviction is not relevant to a conditions-of-confinement case. Plaintiff fails to present any authority to support this argument. As the M&R demonstrates, if litigation against the Plaintiff has merit, then the fact that it was filed cannot serve as the basis for a retaliation claim. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects to the M&R's Fourteenth Amendment analysis, contending: (a) TDCJ has failed to return his confiscated property, contrary to TDCJ's own policy; (b) he cannot get state court jurisdiction pursuant to 18 U.S.C. § 1519, rendering his post-deprivation rights illusory; and (c) he is experiencing a number of adverse consequences related to other constitutional rights, such as access to the courts, maintenance of family relationships, maintenance of sanitary hygiene, and the ability to engage in his chosen religious practice. None of these arguments is persuasive.

TDCJ's failure to follow its own policies is, generally, not actionable. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). However, the available remedies identified in the M&R for preventing an unconstitutional takings claim are not limited to enforcement of TDCJ policies. Instead, they include a state court remedy for common law conversion or statutory remedies for TDCJ losing or destroying property pursuant to Tex. Gov't Code § 501.007. Plaintiff has not demonstrated that those remedies are unavailable. His reference to a lack of state court jurisdiction to adjudicate claims under 18 U.S.C. § 1519 is inapplicable to this analysis. Last, Plaintiff's claims to secondary constitutional effects of property deprivation are conclusive hyperbole that remain

inapplicable unless and until Plaintiff seeks to enforce his available state court remedies. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects to the M&R's Eighth Amendment analysis. In his complaint (D.E. 1), Plaintiff complained that the filing of disciplinary cases against him, the disciplinary conviction, and the confiscation of his property were having adverse physical effects on him because of stress. The M&R found those complaints to be without merit and insufficient to state an Eighth Amendment violation for the denial of the minimal civilized measure of life's necessities with the requisite intent. Plaintiff continues to urge these complaints without articulating any defect in the M&R's analysis. To that extent, any objections are **OVERRULED**.

In addition, Plaintiff now appears to assert an Eighth Amendment claim based on the type of "inhumane" housing he has been assigned to. In particular, he suggests that constant lighting in his unit interferes with his sleep and there is occasional leaking of rain into the cell. The only housing complaint expressed in Plaintiff's complaint was that he was placed in administrative segregation and disciplinary housing as a result of what he considered baseless and retaliatory disciplinary cases. D.E. 1. He did not allege inhumane conditions. Even in his proposed amended complaint, his sleep deprivation claim is asserted only as it relates to his request for appointment of counsel because he claims to be mentally incapable of representing himself. D.E. 16, p. 5.

While it is possible for sleep deprivation to trigger an Eighth Amendment claim,[1] Plaintiff has not properly alleged such a claim here and has not exhausted his administrative remedies as a mandatory prerequisite.[2]  D.E. 1; 42 U.S.C.A. § 1997e(a). The same is true for Plaintiff's claim regarding rainwater leaks, which also fails to specify any adverse effect on his health or safety caused by the alleged leaks.  Plaintiff's inhumane housing complaints are thus raised for the first time in his objections and are not properly before the Court.  Objections based on those complaints are **OVERRULED**.

Last, Plaintiff complains because he is being medicated for seizures that he blames on the stress of all of his complaints.  Because his complaints about the disciplinary cases and the confiscation of his property fail on the merits, his damages are not compensable. He does not suggest that the medication is medically inappropriate to his mental, physical, or emotional condition and he does not request injunctive relief to discontinue the treatment.  Neither does he suggest that there is any medical opinion providing a causal link between the loss of property, stress, and medical condition.  Plaintiff's complaints about his medication have not been subjected to administrative exhaustion

---

[1]  Pending before this Court is another complaint that this Plaintiff has brought, alleging sleep deprivation related to the schedule enforced in the prison.  *See* Civil Action No. 2:13-cv-070.

[2]  The Court does not suggest that the 24/7 lighting complaint would have merit, if made.  The Fifth Circuit has written in another case more developed than this that, "The policy of constant illumination is thus reasonably related to the legitimate penological interest of guard security.  Accordingly, the enforcement of the policy does not violate the Eighth Amendment.  Because the policy of 24–hour illumination does not violate the Eighth Amendment, [the prisoner's] complaint about the policy is based upon an indisputably meritless legal theory." *Chavarria v. Stacks*, 102 F. App'x 433, 436-37 (5th Cir. 2004 (citation omitted).

and do not state an Eighth Amendment complaint. Plaintiff's fifth objection[3] related to his Eighth Amendment claim is **OVERRULED**.

Sixth, Plaintiff objects to the M&R's analysis of the Religious Land Use and Institutionalized Persons Act (RLUIPA) claim. Specifically, he argues (a) that the observation that Defendant Moore was not acting pursuant to a TDCJ religious policy is tantamount to an admission that she was affirmatively violating that policy and (b) his right to exercise his religion, as guaranteed by RLUIPA, as a clearly established right. With respect to the first argument, Plaintiff has misunderstood the Magistrate Judge's meaning. By not acting pursuant to a religious policy, the M&R states that she was acting as an individual, not as "the government."

With respect to the second argument, there is no question that Plaintiff has a clearly established right to practice his religion and the M&R does not dispute that. However, without challenging the legal requirement of the elements of his RLUIPA claim identified in the M&R, Plaintiff continues to fail to demonstrate how the confiscation of any property amounts to a substantial burden on the practice of his religion. Without sufficient factual allegations to satisfy that element, his claim fails and Defendants are never put to their burden to show a compelling governmental interest or least restrictive means. *See* 42 U.S.C. § 2000cc-1(a). Plaintiff's sixth objection is **OVERRULED**.

---

[3] Plaintiff also complains of the denial of due process in his disciplinary proceeding, which is a matter outside the scope of this § 1983 case and has been adjudicated under Civil Action No. 2-15-cv-311.

Seventh, Plaintiff objects to the M&R's recommendation on the supervisory liability claim.  He argues that Defendant Stephens was advised of Plaintiff's complaints—after they arose—and he failed to remedy them.  As demonstrated in the M&R, Plaintiff's complaints are insufficient to warrant constitutional intervention.  Defendant Stephens' inaction under the facts alleged here does not transform into responsibility for Defendant Moore's or anyone else's conduct.  Plaintiff offers nothing to show that Defendant Stephens had prior knowledge of a pattern of conduct or operated with an express or implied policy that supported Defendant Moore's alleged conduct, violating any Plaintiff's rights, as of the time it occurred.  Plaintiff's seventh objection is **OVERRULED**.

Eighth, Plaintiff has reserved the right to amend his complaint and has filed his proposed amendment.  D.E. 15, p. 1; 16.  The Court has reviewed the amended complaint and finds that it does nothing to cure the defects in the claims addressed by the M&R and this Court.  Plaintiff's intention to add claims against Texas Attorney General Ken Paxton is without merit.  Plaintiff's only complaint against the Attorney General relates to an alleged policy to enforce the law that was the basis for Plaintiff's disciplinary conviction.  Plaintiff has failed to articulate a cognizable claim against the Attorney General.  Plaintiff's eighth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Complaint (D.E. 1) is **DISMISSED WITH PREJUDICE**. The Court ORDERS that this action count as a strike pursuant to 28 U.S.C. § 1915(g), and that a copy of the Memorandum and Recommendation (D.E. 10) and this Order, be sent to Ms. Lori Stover, Three Strikes Docketing Clerk for the Fifth Circuit, 7940 Preston Road, Plano, Texas 75024.

ORDERED this 22nd day of February, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE